IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CR-107-KAC-JEM ) |
| ANTHONY GLENN, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Anthony Glenn's Motion to Dismiss [Doc. 16] filed on June 6, 2025, and his Amended Motion to Dismiss [Doc. 18], filed on June 14, 2025. Although titled a Motion to Dismiss, Defendant raises two distinct pretrial issues: a motion to dismiss the single-count Indictment charging felon in possession of a firearm for violation of his rights under the Second Amendment and a motion to suppress evidence for an unnamed constitutional violation arising out of the stop of his vehicle [Doc. 16, pp. 1–4; Doc. 18 pp. 1–7]. Defendant also requests a hearing on these issues [Doc. 16 p. 4; Doc. 18 p. 8]. Defendant filed these motions over six months after the expiration of the pretrial motion deadline on January 3, 2025 [*See* Doc. 5, Minutes]. The undersigned ordered Defendant to show cause why his motion(s) should not be denied as untimely [Doc. 17 p. 2]. In his Amended Motion, Defendant responds that the belated filing is due to defense counsel's lack of familiarity with the rules and procedures in federal cases and his "excusable neglect" [Doc. 18 pp. 4–5, 8].

Defendant fails to show good cause for the belated filing of pretrial motions. Accordingly, the Court **DENIES** Defendant's motions [**Docs. 16 & 18**] because they are untimely.

## I. BACKGROUND

The Indictment charges Defendant Glenn with a single count of being a felon in possession of a firearm on December 17, 2023, in violation of 18 U.S.C. § 922(g)(1) and alleges that at the time of the offense, Defendant had at least three prior felony convictions, which qualify under 18 U.S.C. § 924(e)(2) [Doc. 3]. At Defendant's initial appearance and arraignment on December 5, 2025, the Court set a pretrial motion deadline of January 3, 2025 [Doc. 5, Minutes]. Following a detention hearing on December 11, 2024 [Doc. 10, Minutes], the undersigned released Defendant on conditions [Doc. 12].

On January 9, 2025, Defendant moved for a three-month continuance of the trial date and asked to extend the plea deadline [Doc. 14]. As grounds, Defendant stated that the parties are negotiating a resolution of the case and "still discussing and reviewing discovery materials" [*Id*. at 1]. Defendant also alleged that he was in the process of preparing motions "regarding the constitutionality of the charge and the admissibility of the evidence" [*Id*.]. Despite this statement, Defendant did not ask to reopen the expired motion deadline. The undersigned granted the motion to continue, continued the trial date to July 15, 2025, and set a new plea deadline of June 16, 2025 [Doc. 15 p. 2]. With regard to the referenced pretrial motions, the Court found "Defendant has not set forth good cause for reopening the pretrial motions deadline" [*Id*. at 2 n.2].

On June 6, 2025, Defendant filed a Motion to Dismiss, asking to dismiss the charge based upon a Second Amendment violation and to suppress evidence seized following the stop of his vehicle on December 17, 2023 [Doc. 16 pp. 1–4]. Defendant acknowledged that his motion was late but asked the Court nevertheless to consider the motion despite defense counsel's "excusable neglect" [*Id*. at 4]. The motion relates that defense counsel failed to notice the expiration of the motion deadline because he had to close his practice for three weeks to attend to the affairs of his

2

mother, who died on April 21, 2025 [*Id.*]. Counsel asked that the Court not hold his untimely filing against Defendant, who seeks to litigate issues involving his constitutional rights [*Id.*].

On June 10, 2025, the undersigned ordered Defendant to show cause why the Court should not deny his motion to dismiss and suppress for untimeliness [Doc. 17 p. 2]. The Court observed that Defendant "provides only a partial explanation for his six-month delay in filing pretrial motions . . . [and] fails to address the prejudice to the Court and the public from filing two dispositive motions, which cannot be litigated [before the trial date]"[1] [*Id.*]. The undersigned ordered Defendant to "address the reason for delay, prejudice, and the impact of a late-filed motion on the . . . trial date" [*Id.* at 3]. It also required Defendant to "attach copies of his proposed motions, which comply with Local Rule 7.1(b), to his motion for leave"[2] [*Id.*].

In response, Defendant filed the Amended Motion to Dismiss, seeking suppression of evidence from the December 17, 2023 stop of his vehicle and dismissal of the charge for violation of his rights under the Second Amendment [Doc. 19 pp. 1–7]. Defendant again acknowledged and apologized for the late filing [*Id.* at 8]. Defendant states the reason for his untimely filing is that defense counsel primarily practices in state court and "is not as familiar with the Rules and procedures in the Federal arena" [*Id.* at 4–5]. Defendant states that defense counsel "missed" the footnote in the Court's Memorandum and Order continuing the trial and setting a new schedule in the case and was not aware that he missed the motion deadline until informed thus by the Assistant United States Attorney [*Id.* at 5]. Defendant asks the Court to permit the Amended Motion in the

---

[1] In the Show Cause Order, the Court incorrectly stated the trial date as July 8, 2025 [Doc. 17 pp. 2–3]. The trial date is July 15, 2025 [Doc. 15 p. 2].

[2] The Court noted that Defendant's internal suppression motion failed to comply with Local Rule 7.1(b) because it failed to provide the factual and legal grounds justifying the ruling sought [Doc. 17 p. 1 n.1].

3

interest of justice because it involves Defendant's constitutional rights and because counsel's "excusable neglect" and the resulting "delay is the fault of the lawyer, not his client" [*Id*.].

The Government asserts Defendant's Motion to Dismiss and his Amended Motion to Dismiss should be denied because he did not comply with the Show Cause Order, nor demonstrate good cause for the untimely filings [Doc. 19 p. 3].

**II.    ANALYSIS**

Motions seeking dismissal of the charges and to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(B)–(C). Here, the deadline for filing pretrial motions expired on January 3, 2025 [*See* Doc. 5, Minutes]. The undersigned noted this deadline and declined to extend it when continuing the trial on January 15, 2025, because Defendant failed "to set forth good cause for reopening the pretrial motion deadline" [Doc. 15 p. 2 n.1]. Defendant now seeks to file dispositive pretrial motions over six months after the expiration of the motion deadline.

The Court has discretion to permit an untimely motion, and the moving party must demonstrate "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, Defendant's reasons for delay in filing the motions and arguments on prejudice fail to amount to good cause.

A. **Reason for Delay**

Defendant argues that the six-months of delay in filing his motions results from defense counsel's "excusable neglect" [Doc. 16 p. 4; Doc. 18 p. 8]. Defendant explains only three weeks of the delay, which occurred in late April and early May when his practice was closed following his mother's death [Doc. 16 p. 4]. Regarding the three and one-half months preceding that period and the month following it, he offers only that defense counsel practices primarily in state court and lacks familiarity with the rules and procedures in federal court [Doc. 18 pp. 4–5]. Yet, the deadlines in this case were stated plainly in the Court's minutes [Doc. 5], the Court's scheduling order [Doc. 7 p. 4], and its Memorandum and Order of January 15, 2025 [Doc. 15].[3] Generally, counsel's "mistaken belief" on the time for filing pretrial motions does not constitute good cause in the face of express deadlines set by the Court. *United States v. Johnson*, 844 F. App'x 838, 840 (6th Cir. 2021); *see also United States v. Cornejo-Garcia*, No. 3:19-CR-90, 2019 WL 5296762, *4 (E.D. Tenn. Oct. 21, 2019) (finding "attorney negligence or oversight is not good cause" (citation omitted)).

The Court's Order on Discovery and Scheduling, filed immediately after Defendant's initial appearance in this case, provides the January 3, 2025 deadline for pretrial motions, and states that parties must move to extend the motion deadline before it expires [Doc. 7 p. 4]. Defendant mentioned potentially filing a motion to dismiss and a suppression motion in his January 9, 2025 motion to continue [Doc. 14 p. 1]. Yet, Defendant delayed filing the motions while he engaged in plea negotiations [*See id.* (asking to extend the plea deadline because the parties are still negotiating)]. "Generally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will

---

[3] Defendant acknowledges he "missed" the Court's direction that the motion deadline had expired [Doc. 18 p. 5].

5

not be able to establish good cause." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (citations omitted). Thus, counsel's failure to pursue timely possible pretrial motions while pursuing plea negotiations is a strategic choice that does not amount to good cause. *Id*. (observing that ongoing plea negotiations did not prevent defense counsel from filing contemplated pretrial motions before the motion deadline).

Defendant characterizes his delay as "excusable neglect." That term appears in Federal Rule of Criminal Procedure 45(b)(1)(B), which permits a court to extend the time for an act that must be done within a specified period, after the time expires, if the moving party shows both good cause and "excusable neglect." The ordinary meaning of "excusable neglect" allows courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (defining "excusable neglect" in Rule 9006(b)(1) of the Bankruptcy Rules); *see United States v. Munoz*, 605 F.3d 359, 368–69 (6th Cir. 2010) (applying the definition and factors for "excusable neglect" from *Pioneer Investement Services Co.* to Rule 45(b)(1)(B)). "Excusable neglect" is a flexible concept and "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co,.* 507 U.S. at 392 (footnote omitted).

Neglect, however, must still be "excusable," otherwise parties would "freely ignor[e] court-ordered deadlines in the hopes of winning a permissive reprieve under the Rule." *Id*. at 395. The following, "non-exclusive factors" are relevant to the equitable analysis of whether neglect is excusable: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in

6

good faith." *Munoz*, 605 F.3d at 368 (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)).

In balancing these factors, the reason for the delay carries the greatest weight, *id*. at 372, and so the undersigned begins there. Defendant contends defense counsel failed to timely file the motions because he is not familiar with federal rules or procedures. But "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. The other factors also show defense counsel's neglect was not excusable. The Court discusses prejudice in more depth in the next section, but Defendant's delay prejudices the Government because his filing comes within five weeks of trial. The length of delay was over six months after the expiration of the motion deadline and at least one month after defense counsel resumed his practice. Moreover, the Court finds the delay was within defense counsel's reasonable control because the deadline for filing pretrial motions is clearly stated in the Court's minutes and Orders, which were emailed to counsel as a part of the Court's electronic filing system. While the Court finds no evidence of bad faith on the part of defense counsel, counsel's repeated failure to heed the Court's directions on the motion deadline is not excusable neglect.

**B.     Prejudice**

As to prejudice, Defendant argues that permitting the late motions is in his best interest, as well as the interest of the Court and the parties [Doc. 18 p. 4]. Regarding prejudice to himself, Defendant emphasizes that disallowing the late motions will deprive him of the opportunity to vindicate his constitutional rights [*Id*.]. Federal Rule of Criminal Procedure 12(c)(1), however, permits the Court to set a motion deadline for pretrial motions, including those raising constitutional issues. And Rule 12(c)(3) requires a party seeking to file an untimely motion to

7

show good cause regardless of the nature of the motion. Defendant failed to meet that deadline or to request leave to file motions beyond the deadline.

While Defendant asserts that he will be deprived of the opportunity to vindicate his constitutional rights, the record before the Court demonstrates Defendant's claims are not likely to meet with success. As for Defendant's Second Amendment claim, the Sixth Circuit has held that 18 U.S.C. § "922(g)(1) is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024) (application for *cert*. filed on Nov. 15, 2024). A disarmed felon may bring an as-applied challenge to demonstrate his or her "particular possession of a weapon pose[s] no danger to peace." *Id*. at 661. The defendant shoulders the burden to show that he is not dangerous. *Id*. at 657. "A person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed (1) a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary." *Id*. at 663. Here, Defendant Glenn states that he has prior convictions for robbery in 1994, felony distribution of cocaine in 2007, and aggravated assault and assault in 2016 [Doc. 18 pp. 5–6]. Despite Defendant's characterization of himself as a "non-violent offender" [Doc. 18 p. 6], his prior convictions fall squarely within the categories *Williams* recognizes as dangerous.

As for Defendant's suppression claim, Defendant argues that the stop of Defendant's vehicle merely because it matched a vehicle that previously fled police was an unreasonable seizure [Doc. 18 pp. 1–3].[4] If an "officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the

---

[4] In the suppression portion of his motion, Defendant cites no constitutional provision or case, except in relation to his "fruit of the poisonous tree" argument [*Id*. at 1–4 (citing *Wong Sun v. United States*, 371 U.S. 471 (1963))]. The Court, nevertheless, infers that Defendant seeks to challenge the stop of his vehicle under the Fourth Amendment.

8

Fourth Amendment." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993). The facts proffered at the detention hearing[5] suggest that a Knoxville Police Department officer had probable cause to stop Defendant for speeding either because he observed the black Yukon Denali speeding earlier that evening or learned that information from another officer's observation and report. *See United States v. Lyons*, 687 F.3d 754, 765–66 (6th Cir. 2012) (holding the "collective knowledge doctrine" permits an officer to stop an individual based upon information from another officer). At the very least, it appears that the officer had reasonable suspicion to stop Defendant's vehicle. *United States v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005) ("*Terry*, a limited exception to the normal requirements of probable cause, permits a police officer briefly to detain a person or property for investigative purposes if the officer has a reasonable suspicion, supported by articulable facts, that criminal activity has occurred or is about to occur." (citation omitted)); *see also Williams v. Leatherwood*, 258 F. App'x 817, 821 (6th Cir. 2007) ("Reasonable suspicion need not arise from an officer's own observations; rather, it may arise from . . . dispatcher information." (citation omitted)). Defendant's statements immediately after the stop support this belief.

As for prejudice to others, Defendant asserts that the Government and the public have a strong interest in fair searches and the protection of Second Amendment rights [*Id.*]. The Court finds that the Government and the public also have a strong interest in a speedy trial. Defendant filed his Motion to Dismiss and requested an evidentiary hearing five and one-half weeks before the trial date. Litigation of the timeliness of the motion and the motion, which is actually two

---

[5] At Defendant's detention hearing on December 11, 2024, Government's counsel proffered that around 1:30 a.m., on December 17, 2023, Knoxville Police Department Officer Barnes stopped Defendant's black Yukon Denali because it matched the description of a vehicle that fled from him earlier that evening. According to the Government, Defendant, the driver and sole occupant, immediately got out of the vehicle, and Officer Barnes explained that he stopped Defendant because a vehicle matching his vehicle was speeding and failed to pull over for officers. The Government proffered that after exiting his vehicle, Defendant stated that he'd had a bad night, had been drinking, ran a stop sign, and failed to pull over earlier that evening.

9

dispositive motions, before the July 15 trial date would be nearly impossible. And although Defendant waived his speedy trial rights in relation to his motions [*id*. at 4–5], he did not ask to move the trial when he filed them.[6] Moreover, the Government has begun trial preparations; it filed a notice of expert testimony in accordance with Rule 16 of the Federal Rules of Criminal Procedure and the Court's Order on Discovery and Scheduling [Docs. 7 & 20].

The parties, including the Government, are entitled to rely on the deadlines set by the Court, in allocating time and resources. *Cornejo*, 2019 WL 5296762, at *5. "'Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases.'" *Id*. (citation omitted); *see also United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (affirming lack of good cause for failure to file suppression motion timely, so as not to hinder plea negotiations). Accordingly, the Court finds that both the Court and the Government are prejudiced by the untimely Motion to Dismiss.

In sum, Defendant does not demonstrate a legitimate reason for the delay or the absence of prejudice. Accordingly, good cause does not support litigation of Defendant's untimely motions.

### III. CONCLUSION

Defendant fails to show good cause for the untimely motions, and the Court **DENIES** Defendant's motions [**Docs. 16 & 18**] because they are untimely. The trial of this case remains set for **July 15, 2025**. A pretrial conference is scheduled for **July 1, 2025, at 2:00 p.m.**

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[6] Defendant filed a Motion to Continue Plea Agreement Deadline and Trial Dates [Doc. 21] on June 25, 2025, which the Court will address in due course. Notably, Defendant does not state the Government's position in the motion.