UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-107-KAC-JEM |
| ANTHONY GLENN, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties came before the undersigned on January 20, 2026, for a scheduled pretrial conference and motion hearing on Defendant's Show Cause Motion to Consider Untimely Motion to Suppress [Doc. 34] and Defendant's Motion to Continue Trial Date [Doc. 38]. Assistant United States Attorney Miriam Johnson appeared on behalf of the Government. Attorney Scott A. Lanzon represented Defendant Glenn, who was also present.

The Court heard the parties' arguments and for the reasons discussed below, permitted the late suppression motion and continued the February 3, 2026 trial date to July 21, 2026. Accordingly, Defendant's motions [**Docs. 34 & 38**] are **GRANTED**.

**I.    BACKGROUND**

Defendant is charged with a single count of being a felon in possession of a firearm on December 17, 2023, in violation of 18 U.S.C. § 922(g)(1), and the Indictment alleges that Defendant has at least three prior convictions qualifying under 18 U.S.C. § 934(e)(2), in violation of 18 U.S.C. § 924(e)(1) [Doc. 3 p. 1]. Defendant first appeared on December 5, 2024, with retained Attorney Douglas Nanney [*See* Doc. 5, Minutes].

On June 25, 2025, the undersigned denied Defendant's Motion to Dismiss for a Second Amendment violation and to suppress evidence [Docs. 16 & 18] as untimely because Defendant failed to show good cause for filing motions more than six months after the expiration of the January 3, 2025 pretrial motion deadline [Doc. 22 p. 1]. In assessing prejudice, the Court observed that Defendant's claims "are not likely to meet with success" given that his prior convictions show him to be a danger and information provided at the detention hearing shows law enforcement had either probable cause or reasonable suspicion to stop Defendant for speeding [*Id*. at 8–9].

The undersigned substituted retained counsel Attorney Scott Lanzon for Mr. Nanney on August 6, 2025 [Doc. 29]. On August 28, 2025, Defendant moved to continue the then October 14, 2025 trial date, stating defense counsel recently received complete discovery and that the parties needed time to discuss a possible resolution of the case [Doc. 30 p. 1]. On September 8, 2025, the undersigned granted the motion to continue and extended the trial date to February 3, 2026, and the plea deadline to January 6, 2026 [Doc. 31 pp. 1–2]. The Court did not reopen the pretrial motion deadline [*See id*. at 1–3].

On December 2, 2025, Defendant filed a Motion to Suppress all evidence gained from a stop of Defendant's vehicle on December 17, 2023, alleging officers subjected him to custodial interrogation without advising him of his *Miranda* rights, searched his vehicle without his valid consent, and unlawfully prolonged the stop to conduct a K-9 search [Doc. 32 pp. 1, 3–8]. On December 5, 2025, the undersigned ordered Defendant to show cause why the Court should not deny his suppression motion as untimely [Doc. 33].

On December 12, 2025, Defendant filed a Show Cause Motion to Consider Untimely Motion to Suppress, alleging good cause supports the filing of the late motion [Doc. 34 p. 1]. As grounds, Defendant asserts that current counsel joined the case after expiration of the pretrial

2

motion deadline; that counsel received supplemental discovery on September 29, 2025; that counsel provided an advance copy of the suppression motion to the prosecutor on October 24, 2025; that counsel for both parties next discussed the matter on November 21, 2025; and that Defendant filed the suppression motion thereafter on December 2, 2025 [Doc. 34 pp. 1–2]. Defendant contends that current counsel has worked "to quickly and efficient[ly] resolve all outstanding matters without court intervention" [*Id*. at 2]. He asserts that the inability to litigate his suppression motion would cause him "insurmountable unfair prejudice" because the determination of the constitutional issues raised therein are "imperative to the outcome of this action" [*Id*.]. Defendant alleges that the Court should have extended the pretrial motion deadline with the September trial continuance because such extension also "serve[d] the ends of justice" [*Id*. at 3].

The Government responded in opposition to Defendant's request, asserting that Defendant again failed to demonstrate good cause for the untimely suppression motion [Doc. 35 p. 1]. It asserts that the recent motion to suppress is "similar in nature" to the prior motion to dismiss/suppress with the exception that it also challenges Defendant's statements [*Id*. at 3]. It asserts that Defendant's statements were provided in discovery before the original January 3, 2025 motion deadline, and Defendant's failure to raise that issue by the motion deadline constitutes a waiver of that issue [*Id*.]. The Government argues that the change in counsel itself is not a sufficient basis to permit a waived motion [*Id*.]. It also contends that Defendant requested a trial continuance in August to engage in plea negotiations, and the decision to forgo pretrial motions in order to pursue plea negotiations "is a strategic choice that does not amount to good cause" [*Id*. at 4]. Finally, the Government maintains that Defendant's new suppression motion lacks merit and, thus, he will not be prejudiced by the Court's disallowing this motion [*Id*. at 4–5]. It asserts that the

3

Court has already deemed the stop of Defendant's vehicle to be constitutional and that the Court and the Government are prejudiced by Defendant's untimely motions [*Id*. at 5].

In reply, Defendant contends "that his latest suppression motion and the one filed by his previous attorney are not similar in nature, denies that his suppression claims are not likely to be successful, and asserts that neither argument is sufficient to refute the good cause shown by the Defendant" [Doc. 37 p. 1]. He argues that unlike the motion by prior counsel, which only challenged the traffic stop, the new suppression motion challenges the basis for the stop, statements given on the scene, the search of the vehicle, and the prolongation of the stop [*Id*. at 3–4]. Moreover, unlike the prior motion, the new motion is supported by citation to case law and the Constitution [*Id*. at 4]. Defendant also denies that the prior suppression motions were unsuccessful because they were never heard or decided on their merits [*Id*. at 5]. Defendant points out that defense counsel did not receive body camera and dash camera recordings of the stop until September 29, 2025 [*Id*. at 5–6]. He argues that it was reasonable for defense counsel to file the new suppression motion a little over two months after receiving complete discovery [*Id*. at 6]. Finally, Defendant argues that whether a defensive motion is likely to be successful is not an appropriate standard for good cause, and the Court's prior comments on the likely merits of the former motion are apt to change following further development of the record [*Id*. at 7].

Defendant also filed a motion to continue the February 3 trial date, asserting "several outstanding issues need to be resolved prior to trial" [Doc. 38 p. 1]. The motion also states that the Government has no objection to the requested continuance.

At the pretrial conference and motion hearing, Mr. Lanzon asserted that he received an incomplete file from prior counsel when he entered the case. He stated Government's counsel worked with him to fill the holes in the discovery, ultimately providing the body and dash camera

4

videos. Mr. Lanzon asserted that he could not assess the need for or prepare a pretrial suppression motion without this information. He reiterated the ways in which the new suppression motion differs from the motion filed by prior counsel. He asked that the Court convert the trial date into an evidentiary hearing on the new suppression motion and continue the trial to allow litigation of the motion. After conferring with Defendant, Mr. Lanzon stated that Defendant agreed with the trial continuance and had "no issue" with the impact on his speedy trial rights.

AUSA Johnson agreed that Mr. Lanzon contacted her about the incomplete file and stated that she recopied discovery and provided it to him. She stated that Mr. Lanzon subsequently requested any videos relating to the stop. She said in late September, she gave Mr. Lanzon two body camera videos and two dash camera videos. She argues that these additional videos did not benefit Defendant but, instead, corroborate the officer on the propriety of the stop. AUSA Johnson asserted that the traffic stop in this case turned into a *Terry* stop. She agreed that the prior suppression motion did not address a *Terry* stop. She stated Defendant fails to show good cause for the new motion because it was filed four months after the substitution of counsel and is frivolous.

Mr. Lanzon responded that he could not assess whether a pretrial motion was appropriate until he had the complete file. He also stated that the Government's argument at this hearing was the first he had heard about a *Terry* stop.

At the conclusion of the hearing, the Court found good cause for the untimely suppression motion and continued the trial. The undersigned set a deadline of February 3, 2026, for the Government to respond to the merits of the suppression motion. The parties agreed to an evidentiary hearing on March 5, 2026, at 9:00 a.m., and to a July 21, 2026 trial date. The Court set a new pretrial conference on July 7, at 1:30 p.m.

## II. ANALYSIS

Defendant asks to litigate a late suppression motion and to continue his February 3 trial date. For the reasons discussed below, the undersigned grants both requests.

### A. Late Suppression Motion

Motions seeking suppression of evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)). In assessing good cause, the Court reviews and analyzes the facts of each case. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

The Government argues that Defendant waived his suppression issues because his prior counsel did not assert them timely. But "under the current version of Rule 12(c)(3), [the Court does] not treat the failure to file a motion as a waiver unless the circumstances of the case indicate that the defendant intentionally relinquished a known right." *Id*. Under the unique facts of this case, the undersigned finds good cause for the belated suppression motion because defense counsel did not have the complete discovery, including the body and dash camera videos, until late September 2025, nearly nine months after the expiration of the motion deadline. While counsel should have moved for leave to file the suppression motion out of time, he filed the motion within

6

two months of receiving the additional discovery. The parties acknowledge that litigation of the suppression issue necessitates a trial continuance, but the Government does not object to continuing the trial. On balance, the Court finds that permitting the untimely motion furthers the interest of justice in this case.

Defendant has shown good cause for litigating a late suppression motion in this case, and his motion to permit the late motion [**Doc. 34**] is **GRANTED**.

### B. Trial Continuance

Defendant asks to continue his February 3, 2026 trial date to permit litigation of his suppression motion [Doc. 38 p. 1]. While objecting to the late motion, the Government does not oppose a trial continuance [*Id.*]. At the January 20 hearing, Defendant conferred with counsel and stated that he agreed with the continuance despite its impact on his speedy trial rights. The parties agreed on a new trial date of July 21, 2026.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs time to litigate his suppression motion. To this end, the undersigned set a response deadline of February 3, 2026, and an evidentiary hearing on March 5, 2026. After the hearing, the undersigned will need time to prepare a report and recommendation on the issues raised in the suppression motion. *See id.* § 3161(h)(1)(H). Thereafter, the parties will need time to file

7

Case 3:24-cr-00107-KAC-JEM   Document 40   Filed 01/26/26   Page 7 of 9   PageID #: 119

objections and responses, and the District Judge will need time to rule on the motion. *Id*. Once Defendant receives a ruling on his motion, he may need time to evaluate a possible resolution of the case and otherwise prepare for trial. The Court finds that all of this cannot occur before the February 3, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date [**Doc. 38**]. The trial of this case is reset to **July 21, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the new suppression motion on December 2, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Show Cause Motion to Consider Untimely Motion to Suppress [**Doc. 34**] is **GRANTED**, and the Court permits Defendant to proceed with his Motion to Suppress [Doc. 32];

(2) Defendant's Motion to Continue Trial [**Doc. 38**] is also **GRANTED**;

(3) the trial of this matter is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the suppression motion on **December 2, 2025**, and the new trial date of **July 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the Government shall file a response to the Motion to Suppress on or before **February 3, 2026**, and Defendant may file a reply on or before **February 10, 2026**;

(6) the parties shall appear before the undersigned for an evidentiary hearing on the Motion to Suppress on **March 5, 2026, at 9:00 a.m.**;

(7) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 22, 2026**;

(8) the deadline for filing motions *in limine* is **July 6, 2026**, and responses to motions *in limine* are due on or before **July 14, 2026;**

(9) the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 1:30 p.m.**; and

(10) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge