UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
v.                                  )           No. 3:24-CR-107-KAC-JEM
                                    )
ANTHONY GLENN,                      )
                                    )
                Defendant.          )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Anthony Glenn's Motion to Continue Trial Date [Doc. 52], which he filed on June 2, 2026.

Defendant asks the Court to continue the July 21, 2026 trial date [*Id.* at 1]. In support of his motion, Defendant states he is awaiting a ruling on his motion to suppress evidence [*Id*. ¶¶ 1–2, 4]. He observes that on May 22, 2026, the undersigned filed a Report and Recommendation on his suppression motion [*Id*. ¶ 2]. Defendant contends that "[d]efense counsel will need to commit a substantial amount of time to respon[d] to the Report and Recommendation and will need time to prepare for trial" [*Id*. ¶ 4]. In this regard, Defendant has requested [Doc. 51] and the District Judge granted an extension of time to file objections to the Report and Recommendation to August 4, 2026 [Doc. 53]. Defendant, who is on conditional release pending trial, has previously asserted "no issue" with a trial continuance to allow for litigation of his late-filed suppression motion [Doc. 40 pp. 5, 7]. The Government does not oppose the requested continuance [Doc. 52 ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on December 2, 2025, Defendant filed a dispositive motion seeking to suppress evidence seized during a stop of his vehicle [Doc. 32]. This motion was filed eleven months after the expiration of the pretrial motion deadline on January 3, 2025 [*See* Doc. 40 pp. 2, 6]. The undersigned agreed to hear the untimely motion over the Government's objection on January 26, 2026 [*Id.* at 8]. *See id.* § 3161(h)(1)(D). The undersigned held an evidentiary hearing on the motion on March 5, 2026 [Doc. 47] and has prepared a Report and Recommendation [Doc. 50]. Defendant requested and received additional time to object to the Report and Recommendation by August 4, 2026 [Doc. 53].[1] Thereafter, the Government will need time to respond to objections, and the District Judge will need time to rule on the suppression motion considering the Report and Recommendation and the parties' filings. *See id.* § 3161(h)(1)(H). After receiving a ruling on the suppression motion, the parties will need time to prepare for trial or a negotiated resolution in light of the Court's rulings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). The Court finds that all of this cannot occur before the July 21, 2026 trial date.

---

[1]    The Government filed a Notice of No Objections to Report and Recommendation [Doc. 54].

The Court therefore **GRANTS** Defendant Glenn's Motion to Continue Trial [Doc. 52]. The trial of this case is reset to **November 17, 2026**. A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on June 2, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial Date [**Doc. 52**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Katharine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **June 2, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(5) the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 10, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3